UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., | No. 2:24-cv-00944-DC-SCR |
| Plaintiff, | |
| v. | <u>ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF ITS FEDERAL CLAIMS</u> |
| FORD MOTOR COMPANY, et al, | |
| Defendants. | (Doc. No. 21) |

This matter is before the court on Plaintiff's motion to voluntarily dismiss the two federal claims it brought in this lemon law case. (Doc. No. 21.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 24.) For the reasons explained below, the court will deny Plaintiff's motion as improper.

**BACKGROUND**

On June 15, 2020, Plaintiff filed a complaint against Defendants Ford Motor Company and Big Valley Ford Lincoln in the San Joaquin County Superior Court. (Doc. Nos. 1 at ¶ 2; 1-2.) Plaintiff filed a first amended complaint to add Defendants Roush Industries, Inc., and Roush Performance, Inc., on February 10, 2022. (Doc. Nos. 1 at ¶ 3; 1-3.) On March 1, 2024, Plaintiff filed a second amended complaint pursuant to a stipulation between the parties. (Doc. No. 22-1 at ¶ 9.) That same day, Plaintiff filed the operative second amended complaint against Defendants Ford Motor Company and Kovington Performance Holdings, Inc. doing business as Roush

1

1  Performance, Inc. (collectively, "Defendants"), bringing three claims for violations of the
2  California Song-Beverly Act and two claims for violations of the federal Magnuson-Moss
3  Warranty Act ("Magnuson-Moss"). (Doc. No. 1 at ¶ 4; 1-4.) On March 26, 2024, Defendant Ford
4  Motor Company removed this action to this court with the consent of Defendant Roush
5  Performance, Inc. on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331,
6  1441, and 1446. (Doc. Nos. 1 at 2; 1-1 at ¶ 29.)

7  On May 6, 2024, Plaintiff filed the pending motion to voluntary dismiss its Magnuson-
8  Moss claims without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 21.)
9  Defendants filed oppositions to the motion on May 20, 2024. (Doc. Nos. 22–23.) Plaintiff then
10 filed replies in support of its motion on May 29, 2024. (Doc. Nos. 25–26.)

**DISCUSSION**

12 Plaintiff seeks to dismiss its Magnuson-Moss claims without prejudice pursuant to Federal
13 Rule of Civil Procedure 41(a)(2). (Doc. No. 21.) However, Rule 41(a) concerns dismissal of an
14 entire action or all claims against a particular defendant. *eCASH Techs., Inc. v. Guagliardo*, 35 F.
15 App'x 498, 499 (9th Cir. 2002) (citing *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d
16 1500, 1513 (9th Cir. 1995)). When a plaintiff seeks to dismiss only certain claims against a
17 defendant, Rule 41(a) does not apply. *See Ethride v. Harbor House Rest.*, 861 F.2d 1389, 1392
18 (9th Cir. 1998) ("A plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim
19 from a multi-claim complaint."); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403
20 F.3d 683, 687–89 (9th Cir. 2005) (applying the same reasoning for Rule 41(a)(2)). Instead, the
21 Ninth Circuit has held that Federal Rule of Civil Procedure 15 is the appropriate mechanism to
22 dismiss individual claims. *Hells Canyon*, 403 F.3d at 687–89; *Gen. Signal Corp.*, 66 F.3d at 1513.

23 Although Plaintiff acknowledges Federal Rule of Civil Procedure 15 in its replies, the
24 instant motion is not a motion for leave to amend pursuant to Rule 15. Accordingly, the court will
25 deny Plaintiff's pending motion to dismiss its two federal claims pursuant to Rule 41(a) as
26 improper.

27 ///
28 ///

**CONCLUSION**

For the reasons explained above, IT IS HEREBY ORDERED:

1. Plaintiff's motion for voluntary dismissal of its fourth and fifth causes of action pursuant to Federal Rule of Civil Procedure 41(a) is denied; and

2. To the extent Plaintiff intends to seek leave to amend its pleadings, Plaintiff shall file a motion for leave to amend no later than twenty-one (21) days from the date of entry of this order and must comply with Local Rule 137(c).

IT IS SO ORDERED.

Dated:   **November 20, 2024**

Dena Coggins
United States District Judge

3