**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
Jessica R. Underwood (SBN 306481)
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009
Email: eservice@wirtzlaw.com

**JSGM LAW LLP**
Guy Mizrahi (SBN 220930)
8383 Wilshire Blvd., Suite 970
Beverly Hills, CA 90211
Telephone: (424) 206-4303
Email: eservice@jsgmlaw.com

Attorneys for Plaintiff CHRISTIAN LIFE CENTER, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; KOVINGTON PERFORMANCE HOLDINGS, INC. aka ROUSH PERFORMANCE, a Corporation; and DOES 3 through 20, inclusive,<br><br>            Defendants. | Case No.: 2:24-cv-00944-DC-SCR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>[Filed concurrently with Declaration of Richard M. Wirtz and (Proposed) Order]<br><br>Judge:   Hon. Dena Coggins<br>Date:    February 7, 2025<br>Time:    1:30 p.m.<br>CrtRm: 8 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 7, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 8 of the above-titled Court, Plaintiff Christian Life Center, Inc. ("Plaintiff") will and does move the Court for an order granting leave to file Plaintiff's Third Amended Complaint ("TAC").

This motion is made on grounds that Plaintiff seeks to narrow the scope of litigation and focus on a novel California lemon law issue made clear during the discovery process. The proposed TAC is attached hereto as **Exhibit 1** in the Declaration of Richard M. Wirtz concurrently filed.

This is Plaintiff's first request for leave to amend pursuant to FRCP 15(a)(2). The proposed amendments do not substantively or prejudicially alter any of the allegations set forth in Plaintiff's Second Amended Complaint. The proposed amendments primarily eliminate the Magnuson-Moss claim in Plaintiff's Second Amended Complaint so that the novel California lemon law issue can be dealt with by the California State Appellate Court and Supreme Court, if necessary. The Magnuson-Moss claims are derivative of Plaintiff's state law claims.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Richard M. Wirtz, the Proposed Order, any Reply papers, all records and papers on file in this action, and any oral argument during the hearing if permitted.

Respectfully submitted,

Dated: December 12, 2024          **WIRTZ LAW APC**

By: */s/ Richard M. Wirtz*
　　　Richard M. Wirtz
　　　Jessica R. Underwood
　　　Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION FOR LEAVE TO FILE THIRD
AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Christian Life Center, Inc. ("Plaintiff") seeks an order granting leave to file its Third Amended Complaint ("TAC") against Defendant Mercedes-Benz USA ("MBUSA"). Plaintiff's Motion should be granted because it complies the requirements set for at Federal Rule of Civil Procedure ("FRCP") 15(a)(2). Pursuant to E.D. Cal. R. 137(c), the proposed Third Amended Complaint is attached to the declaration of Richard M. Wirtz [Decl. Wirtz], as Exhibit 1, which is filed concurrently with this Memorandum of Point and Authorities.

### II.    BACKGROUND

On June 15, 2020, Plaintiff filed its initial complaint against Defendant Ford Motor Company ("FMC") and Defendant Big Valley Ford, Inc., dba Big Valley Ford Lincoln. Compl., *Christian Life Center, Inc. v. Ford Motor Company, et al*., Doc. ID 12273553, (CA Superior Court, San Juaquin County 6/15/2020). Therein, Plaintiff claimed violations of the Song-Beverly Consumer Warranty Act including breach of the express warranty, breach of the implied warranty, and claims arising under California Civil Code section 1793.2(b). *Id*.

On February 10, 2022, Plaintiff filed its joint stipulation requesting leave to amend. On February 17, 2022, Plaintiff filed its First Amended Complaint ("FAC") thereby naming Defendant Roush Industries, Inc., aka Kovington Performance Holdings, Inc., as a Defendant in this action and removing the previously named Defendant Big Valley Ford. First Amend. Compl., *Christian Life Center, Inc. v. Ford Motor Company, et al*., Doc. ID 16872949, (CA Superior Court, San Juaquin County 2/10/2022).

Then, on May 15, 2022, Defendant Roush Industries, Inc, filed it's Notice of Removal. Notice of Removal, *Christian Life Center, Inc. v. Ford Motor Company, et al*., Case No. 2:22-cv-00812-JAM-JDP, ECF No. 001, (US District Court, Eastern District 5/13/2022). Plaintiff promptly filed its Motion for Remand on June 13, 2022.

Mtn for Remand, *Christian Life Center, Inc. v. Ford Motor Company, et al.*, Case No. 2:22-cv-00812-JAM-JDP, ECF No. 013, (US District Court, Eastern District 6/13/2022). On September 28, 2022, the court entered an order granting Plaintiff's Motion to Remand the matter back to state court. Order, *Christian Life Center, Inc. v. Ford Motor Company, et al.*, Case No. 2:22-cv-00812-JAM-JDP, ECF No. 021, (US District Court, Eastern District 9/28/2022).

After this case was remanded back to state court, Plaintiff conducted the continued the continued deposition of Defendant FMC's Person(s) Most Qualified and Custodian of Records. *See* stipulation re SAC, p. 2, *Christian Life Center, Inc. v. FMC, et al.*, Case No. STK-CV-UBC-2020-0004861, Doc. No. 21517001, (Superior Court of California, County of San Joaquin 1/24/2024). During this deposition, Defendant FMC's questioned the deponent regarding the number of vehicles that Plaintiff owned and owns Subsequently, Plaintiff emailed Defendants on December 5, 2023, to request a stipulation for Plaintiff to amend its complaint to add claims under the Magnusson-Moss Warranty Act.

On December 20, 2023, the parties filed a stipulation allowing Plaintiff to file a Second Amended Complaint. Stipulation re SAC, *Christian Life Center, Inc. v. FMC, et al.*, Case No. STK-CV-UBC-2020-0004861, Doc. No. 21517001, (Superior Court of California, County of San Joaquin 1/24/2024). On January 23, 2024, the Hon. Blanca A. Banuelos, entered an order granting Plaintiff leave to amend to file its Second Amended Complaint. Order Granting Leave, *Christian Life Center, Inc. v. FMC, et al.*, Case No. STK-CV-UBC-2020-0004861, Doc. No. 21541832, (Superior Court of California, County of San Joaquin 1/23/2024).

On March 1, 2024, Plaintiff filed its Second Amended Complaint ("SAC") thereby naming Defendant Kovington Performance Holdings, Inc., dba Roush Performance, Inc., erroneously sued as Roush Industries, Inc. and Roush Performance, Inc. Second Amend. Compl., *Christian Life Center, Inc. v. Ford Motor Company, et al.*, Doc. No. 21755271, (CA Superior Court, San Juaquin County

-2-

3/1/2024). Plaintiff also added claims arising under violations of the Magnuson Moss Warranty Act. *Id.*

Now, Plaintiff seeks leave to amend to remove the claims arising under the Magnusson-Moss Warranty Act. The Magnusson-Moss allegations are derivative of the state law claims. Furthermore, all trial preparation undertaken so far has been completed according to the rules and regulation of state court. The utilization of federal courts on a case wherein at the center is a state law issue would be an ineffective use of judicial resources. Plaintiff strives to narrow the scope of the issues and seeks to have the novel state lemon law issue pertaining to timing of the five-car ownership rule found in California Civil Code Section 1793.22 subdivision (e)(2) decided by the California state courts.

### III.    LEGAL STANDARD

FRCP 15(a)(2) provides "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P 15(a)(2). District courts have the discretion to decide whether to grant Plaintiff leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982). In its Exercise of discretion, the court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Furthermore, the court interprets the FRCP language for granting leave to amend with "extreme liberality." *Id.*

Courts generally consider four factors in determining the propriety of a motion to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts will consider whether there is bad faith, undue delay, prejudice to the opposing party, or futility of the amendments. *Id.* The Ninth Circuit has held prejudice to the opposing party is the strongest factor and absent prejudice or a "strong showing" of the other factors, a "presumption" exists in favor of granting movants leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Shaw v.*

*Burke*, No. 17-cv-2386 2018 WL 2459720, at *3 (C.D. Cal. May 1, 2018) (Stating "there is a presumption that leave to amend should be granted.") Ultimately, the party seeking leave to amend need only establish the reason why justice "so requires" the amendment. *See Clarke v. Upton* (ED CA 2010) 703 F.Supp.2d 1037, 1041; *Alzheimer's Inst. of America v. Elan Corp. PLC* (ND CA 2011) 274 FRD 272, 276.)

## IV.    ARGUMENT

Plaintiff's proposed TAC qualifies for leave to amend under the FRCP's liberal standard. Furthermore, the proposed TAC is sought to be filed in good faith. It is timely, will not cause undue delay, will not prejudice Defendants, and is not futile. This Motion should be granted.

### A.    Plaintiff Seeks to File the Proposed TAC in Good Faith.

Plaintiff brings this Motion for leave to file his TAC in good faith. Decl. Wirtz, ¶ 2. The need for this TAC is due to that fact that this matter is centered on a novel California law issue pertaining to matters arising under the Song-Beverly Consumer Warranty Act—specifically the timing of five-car rule. Decl. Wirtz, ¶ 15. Plaintiff filed its initial complaint, FAC, and SAC in state court; at no point was Plaintiff seeking to adjudicate its claims in federal court. Decl. Wirtz, ¶ 16. Additionally, all trial preparation has been undertaken according to the rules and regulations of California state law—Plaintiff's written discovery efforts, depositions, settlement efforts, and vehicle inspections have all been prepared under the state law. Decl. Wirtz, ¶¶ 9-10, Ex. 6.

In this case, Defendants have proffered a defense theory regarding the number of registered vehicles by Plaintiff, at the time of filing, after filing, and during the pendency of this case, raising construction of the statute issue and whether or not the prohibition on owning more than 5 vehicles can be cured. Decl. Wirtz, ¶ 11. This is a novel California law issue pertaining matters arising under the Song-Beverly Consumer Warranty act. *Id*. Plaintiff further contends that by dismissing its Magnuson-Moss claims the matter will be appropriately narrowed in scope to avoid

-4-

unnecessary complications or confusion while seeking resolution.

Plaintiff has met and conferred with Defendants regarding a potential stipulation to avoid court intervention and provided Defendants with a copy of the proposed TAC but has not received a response as of the date of this filing. Decl. Wirtz, ¶ 17, Ex. 8.

Plaintiff believes it is in the best interests of both parties and most beneficial to the judicial economy for the matter to remain subject to the state law procedures that it has been beholden to for the last four years. This Motion is brought in good faith and Plaintiff is seeking the most appropriate forum, as well as ensure that the novel legal issue in the case is potentially addressed by the state courts.

B.    Plaintiff's Motion is Timely and Will Not Cause Undue Delay.

There is no express time limit for amendment under FRCP 15(a)(2). Unless the court has set a deadline for amended pleadings through its pretrial scheduling order, leave to amend may generally be sought any time before entry of judgment. *See* FRCP 15 (a)(2). Absent any evidence in the record of undue delay indicating wrongful motive, there is no cause to deny a motion for leave to amend. *DCD Programs, Ltd. v. Leighton* (9th Cir. 1987) 833 F.2d 183, 187. Delay alone is not sufficient to justify the denial of a motion requesting leave to amend. *Id.*; *see also Howey v. U.S.* (9th Cir. 1973) 481 F.2d at 1187, 1190-91 (finding an abuse of discretion in denying a motion to amend on grounds of delay alone five years after the filing of the operative complaint.)

Here, Plaintiff seeks leave to amend prior to the scheduling conference or any Court-set deadline for doing so. This lawsuit is still in its early stages. There is no evidence in the record to suggest Plaintiff forewent making the proposed amendments with undue or strategic dilatory motive. Plaintiff sought to file its TAC as soon as it became clear that its state law claims and interest in having this novel legal issue decided by state law were at risk of being minimized in favor of the derivative Magnusson-Moss claims. This Motion is timely filed and will not result

PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

in undue delay as no new information has been realized since this matter was removed to Federal Court.

### C.     The TAC will not Prejudice Defendants.

Prejudicial effect of amending is "the touchstone of the inquiry under Rule 15(a)." *Eminence*, 316 F.3d at 1052. To justify denial of leave to amend based on prejudice, the prejudice to the opposing party must be *substantial*. *Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079.

Here, Plaintiff seeks to amend its complaint to lessen the probability of the novel legal issues being encumbered by corresponding claims. This novel issue related to the five-car rule arises out of the California Song-Beverly Consumer Warranty Act. The California Superior, Appellate, and Supreme courts have a substantial interest in the adjudication of this case and potential resolution of this issue. The proposed amendments do not add any new information or defendants. The facts pled are facts that Defendants are already aware of and have been aware of since the inception of this case. There is no new information being added to this TAC that would take Defendants by surprise or cause undue prejudice. Decl. Wirtz, ¶ 18, Ex. 1. Defendants will simply have to answer as to the relevant facts that were already in their possession.

Plaintiff's TAC causes no prejudice to FMC, much less the *substantial* prejudice the Ninth Circuit precedent requires for denial of leave to amend.

### D.     Plaintiff's Proposed Amendment is Not Futile.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco* (9th Cir. 2011) 656 F.3d 1002, 1008. To show that a proposed amendment to a complaint would be futile, the opposing party must demonstrate that, taking the pleaded facts as true, the allegations fail to state a claim as a matter of law. *Klamath-Lake*, 701 F.2d at 1293. Otherwise, Plaintiff "ought to be afforded an opportunity to test his claims on the merits." *Legihton*, 833 F.2d at 188. Denials based on futility alone are rare. Rutter

-6-

Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-F.

Here, Plaintiff's motion could not be futile because the TAC states a claim as a matter of law under FRCP 12(b)(6) for the same reasons as the previously amended complaints. *See* Second Amend. Compl., *Christian Life Center, Inc. v. Ford Motor Company, et al.*, Doc. No. 21755271, (CA Superior Court, San Juaquin County 3/1/2024).

Further, the TAC relates back to the filing of the FAC and SAC under FRCP 15(c)(1)(B) because the TAC is based on the same operative facts as those set forth or attempted to be set forth in the original complaint. *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Martell v. Trilogy Ltd.*, supra, 872 F.2d 322, 325 (9th Cir. 1989) [requiring only "a common core of operative facts"]; *see ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F3d 999, 1004 (9th Cir. 2014) [finding amended complaint relates back where likely proved by "same kind of evidence" that supported original pleading].

Here, Plaintiff presents facts previously pled and already known to FMC. Plaintiff's proposed amendments are material to, and crucial to the novel legal theories encompassing this matter that require sole attention the state law claims arising under the Song-Beverly Consumer Warranty Act. Plaintiff's proposed amendments are not futile.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Court grant Plaintiff's Motion for leave to file its Third Amended Complaint.


Dated: December 12, 2024                     **WIRTZ LAW APC**


                                             By: */s/ Richard M. Wirtz*
                                             Richard M. Wirtz
                                             Jessica R. Underwood
                                             Attorneys for Plaintiff

-7-