Sean D. Beatty (Bar No. 155328)
John W. Myers IV (Bar No. 179975)
Amanda S. Webber (Bar No. 351027)
BEATTY & MYERS, LLP
444 W. Ocean Boulevard, Suite 900
Long Beach, California 90802
Telephone:   (562) 606-1530
Fax:         (562) 268-1141

Attorneys for defendant Kovington Performance Holdings, Inc. DBA Roush Performance

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., an individual [sic], <br><br>Plaintiff, <br><br>v. <br><br>FORD MOTOR COMPANY, a Delaware Corporation; KOVINGTON PERFORMANCE HOLDINGS, INC. DBA ROUSH PERFORMANCE; A CORPORATION and DOES 3 through 20, inclusive, <br>            Defendants. | CASE NO. 2:24-cv-00944-TLN-DB <br><br>**DEFENDANT'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** <br><br>SAC Filed: March 1, 2024 <br>Removed: March 26, 2024 |

TO THE COURT AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

   Defendant Kovington Performance Holdings, Inc. dba Roush Performance ("Roush") submits the following arguments and authorities in limited opposition to plaintiff's motion for leave to file third amended complaint.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's proposed third amended complaint ("TAC") is inconsistent as to which defendant(s) the first cause of action, for breach of express warranty in violation of California's Song-Beverly Consumer Warranty Act, is alleged against. The heading for the first cause of action states it is only against defendant Ford, but paragraphs 26-30, 33 and 35 within that cause of action refer to "defendants" and Roush is expressly identified as a "defendant" in paragraph 23. This needs to be clarified.

Further, to the extent that plaintiff now contends that the viability of the California lemon law claims rises or falls based on a very narrow and allegedly novel legal question, this Court is just as capable of resolving the question as any court, and could even set a briefing schedule and a hearing to resolve it after the complaint is amended.

## II. BACKGROUND

On June 15, 2020, Christian Life Center Inc. (hereinafter "Plaintiff") filed its Complaint against Ford Motor Company, a Delaware Corporation (hereinafter "Ford") and Big Valley Ford, Inc. dba Big Valley Ford Lincoln (hereinafter "Big Valley Ford") in the Superior Court of California for the County of San Joaquin – Stockton Courthouse. (Myers decl. ¶2.) Big Valley Ford was dismissed from the case on January 28, 2022. (Myers

1  decl. ¶3.)

2  On February 17, 2022, leave to amend the complaint
3  was granted by the state court and a First Amended
4  Complaint was filed that same day. In the First Amended
5  Complaint, plaintiff added new defendants, including
6  Kovington Performance Holdings, Inc. (hereinafter
7  "Roush"). (Myers decl. ¶4.) Roush was served on April
8  15, 2022, and within 30 days, filed and served its
9  removal papers based on diversity jurisdiction. (Myers
10 decl. ¶5.)

11 On June 13, 2022, plaintiff submitted, <u>in this</u>
12 <u>Court</u>, a motion for remand of the complaint to state
13 court. This Court granted the motion, finding that it
14 was too late for the case to be removed on diversity
15 grounds, even for a newly added defendant like Roush,
16 and the matter was remanded to state court. (Myers
17 decl. ¶6.)

18 On August 16, 2023, defendants took the deposition
19 of plaintiff's person most knowledgeable, at which time
20 it became apparent that plaintiff lacked standing under
21 California's lemon law, the Song-Beverly Consumer
22 Warranty Act, which constituted the only causes of
23 action asserted against defendants. (Myers decl. ¶7.)
24 The lack of standing was based on the subject vehicle
25 not qualifying as a "new motor vehicle" because it was
26 purchased for business use by an entity having more
27 than five vehicles registered to it in California at
28 the time.  Roush sought to shore up this defense by

getting documents for all vehicles registered to plaintiff in California at the time of the subject vehicle's purchase.  This information had been requested at plaintiff's deposition (as both a document request and a category of testimony).  Plaintiff engaged in delay and obstruction of defendant's further discovery of this issue, so defendant subpoenaed records from the California Department of Motor Vehicles (hereinafter "DMV") that confirmed the number of vehicles registered to plaintiff.  (Myers decl. ¶8.)

On December 5, 2023, as defendant awaited the results of the subpoena to DMV, plaintiff requested that defendants stipulate to a second amended complaint, to add federal Magnuson-Moss claims. Defendants stipulated and plaintiff filed its second amended complaint on March 1, 2024. (Myers decl. ¶9.) Notably, between the time the stipulation was requested and the time the second amended complaint was actually filed, defendant got the DMV records which confirmed that plaintiff had more than five motor vehicles registered to it in the State of California on the date plaintiff purchased the subject vehicle. Therefore, on March 1, 2024, defense counsel requested plaintiff voluntarily dismiss the state lemon law claims due to plaintiff's obvious lack of standing. Plaintiff refused. (Myers decl. ¶10.)

On March 27, 2024, Ford, with the consent of Roush, removed the instant action to this Court on federal

1  question grounds. (Myers decl. ¶11.) Inexplicably,
2  plaintiff's counsel then requested defendants stipulate
3  to a voluntary dismissal of the Magnuson-Moss causes of
4  action *without* prejudice. (Myers decl. ¶12.) Defendants
5  declined to stipulate.
6      Plaintiff then filed a motion for voluntary
7  dismissal on May 6, 2024, which this Court denied as
8  procedurally improper. (Myers decl. ¶13.) Plaintiff has
9  now filed the instant motion to amend the complaint for
10 a third time, in order to drop the federal claims just
11 added, with the goal being to have the case remanded
12 back to state court.
13 **III. LEGAL STANDARD**
14     Federal Rule of Civil Procedure 15(a)(2) states,
15 that, "...[A] party may amend its pleading only with
16 the opposing party's written consent or the court's
17 leave. The court should freely give leave when justice
18 so requires."
19 **IV. ARGUMENT**
20 **A.   The Third Amended Complaint Needs to be**
21 **Revised.**
22     Roush opposes plaintiff's motion based upon the
23 inconsistency in the first cause of action identified
24 in the proposed TAC. *See* plaintiff's Exhibit 1 4:23 –
25 6:11. The heading for the first cause of action says
26 that the cause of action is alleged only against "FMC
27 and DOES 3 through 10)." However, paragraph 23
28 specifically defines Roush as a "defendant" and the

ensuing paragraphs charging the wrongdoing all refer to "defendants" in plurality. *See* paras. 26-30, 33 and 35.

If plaintiff's intention is to allege the express warranty claim against Ford only, Roush obviously has no opposition. But either way, the cause of action needs to be clarified before the TAC is accepted for filing and service.

**B.   The "Novel" Issue of Law Identified by Plaintiff.**

The "novel" issue of law referred to by plaintiff is not novel at all. It is a matter of reading the statute – black letter law.

California's lemon law applies only to new motor vehicles. As relevant to this case, California Civil Code § 1793.22(e)(2) defines "new motor vehicle" to include:

> ...a new motor vehicle with a gross vehicle weight under 10,000 pounds that is bought or used primarily for business purposes by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which not more than five motor vehicles are registered in this state..."

In this case, when plaintiff, a business, purchased the subject vehicle it had more than five other motor vehicles registered in California. Hence, the subject vehicle did not qualify as a "new motor vehicle" under

1  the California lemon law.  Plaintiff's "novel" argument
2  is that the vehicle can attain "new motor vehicle"
3  status after-the-fact, if plaintiff sells off some of
4  its other registered motor vehicles before filing suit.
5     Roush maintains that this Court has the
6  jurisdiction to resolve this legal issue presently and
7  without further delay.  Once this Court rules on the
8  motion for leave to amend, it can set a hearing and a
9  briefing schedule on the determinative standing issue.
10     28 U.S.C. § 1367(a) states in part, "...[I]n any
11  civil action of which the district courts have original
12  jurisdiction, the district courts shall have
13  supplemental jurisdiction over all other claims that
14  are so related to claims in the actinon within such
15  original jurisdiction that they form part of the same
16  case or controversy under Article III of the United
17  States Constitution."
18     **V.   CONCLUSION**
19     Roush submits this limited opposition and does not
20  request oral argument.
21     Dated:  December 26, 2024

                                BEATTY & MYERS, LLP

                                _____
                                SEAN D. BEATTY
                                JOHN W. MYERS IV
                                AMANDA S. WEBBER
                                Attorneys for defendant
                                Kovington Performance
                                Holdings, Inc. DBA Roush
                                Performance

**DECLARATION OF JOHN W. MYERS IV**

I, John W. Myers IV, declare as follows:

1. I am an attorney at law licensed to practice in all the courts of the state of California and the United States District Court for the Eastern District of California. I am a partner in the law firm of Beatty & Myers, LLP, counsel for defendant Kovington Performance Holdings dba Roush Performance ("Roush") in this action. I have personal knowledge of the following facts, except where they are stated on information and belief based on the litigation materials in the case and my knowledge of the defense of Lemon Law cases.

2. On June 15, 2020, Christian Life Center Inc. (hereinafter "Plaintiff") filed its Complaint against Ford Motor Company, a Delaware Corporation (hereinafter "Ford") and Big Valley Ford, Inc. dba Big Valley Ford Lincoln (hereinafter "Big Valley Ford") in the Superior Court of California for the County of San Joaquin – Stockton Courthouse. (*See* **Plaintiff's Exhibit 1**.)

3. Big Valley Ford was dismissed from the case on January 28, 2022.

4. On February 17, 2022, leave to amend the complaint was granted by the state court and a First Amended Complaint was filed that same day. In the First Amended Complaint, plaintiff added new defendants, including Kovington Performance Holdings, Inc. (hereinafter "Roush"). (*See* **Plaintiff's Exhibit 3**.)

5. Roush was served on April 15, 2022, and within

1  30 days, filed and served its removal papers based on
2  diversity jurisdiction. (*See* **Plaintiff's Exhibit 4**.)
3     6.   On June 13, 2022, plaintiff submitted, <u>in this
4  Court</u>, a motion for remand of the complaint to state
5  court. This Court granted the motion, finding that it
6  was too late for the case to be removed on diversity
7  grounds, even for a newly added defendant like Roush,
8  and the matter was remanded to state court. (*See*
9  **Plaintiff's Exhibit 5**.)
10    7.   On August 16, 2023, defendants took the
11 deposition of plaintiff's person most knowledgeable, at
12 which time it became apparent that plaintiff lacked
13 standing under California's lemon law, the Song-Beverly
14 Consumer Warranty Act, which constituted the only
15 causes of action asserted against defendants.
16    8.   The lack of standing was based on the subject
17 vehicle not qualifying as a "new motor vehicle" because
18 it was purchased for business use by an entity having
19 more than five vehicles registered to it in California
20 at the time.  Roush sought to shore up this defense by
21 getting documents for all vehicles registered to
22 plaintiff in California at the time of the subject
23 vehicle's purchase.  This information had been
24 requested at plaintiff's deposition (as both a document
25 request and a category of testimony).  Plaintiff
26 engaged in delay and obstruction of defendant's further
27 discovery of this issue, so defendant subpoenaed
28 records from the California Department of Motor

1  Vehicles (hereinafter "DMV") that confirmed the number
2  of vehicles registered to plaintiff.
3      9.  On December 5, 2023, as defendant awaited the
4  results of the subpoena to DMV, plaintiff requested
5  that defendants stipulate to a second amended
6  complaint, to add federal Magnuson-Moss claims.
7  Defendants stipulated and plaintiff filed its second
8  amended complaint on March 1, 2024. (*See* **Plaintiff's**
9  **Exhibit 7**).
10     10. Notably, between the time the stipulation was
11 requested and the time the second amended complaint was
12 actually filed, defendant got the DMV records which
13 confirmed that plaintiff had more than five motor
14 vehicles registered to it in the State of California on
15 the date plaintiff purchased the subject vehicle.
16 Therefore, on March 1, 2024, defense counsel requested
17 plaintiff voluntarily dismiss the state lemon law
18 claims due to plaintiff's obvious lack of standing.
19 Plaintiff refused.
20     11. On March 27, 2024, Ford, with the consent of
21 Roush, removed the instant action to this Court on
22 federal question grounds. (*See* **ECF Document Number 1**.)
23     12. Inexplicably, plaintiff's counsel then
24 requested defendants stipulate to a voluntary dismissal
25 of the Magnuson-Moss causes of action *without*
26 prejudice.
27     13. Plaintiff then filed a motion for voluntary
28 dismissal on May 6, 2024, which this Court denied as

procedurally improper.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 26th day of December, 2024, at Long Beach, California.

_____
JOHN W. MYERS IV