UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., | No. 2:24-cv-00944-DC-SCR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND *SUA SPONTE* REMANDING THIS ACTION TO THE SAN JOAQUIN COUNTY SUPERIOR COURT |
| v. | |
| FORD MOTOR COMPANY, et al, | |
| Defendants. | (Doc. No. 30) |

This matter is before the court on Plaintiff Christian Life Center, Inc.'s motion for leave to file a third amended complaint. (Doc. No. 30.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for February 7, 2025. For the reasons explained below, the court will grant Plaintiff's motion. In addition, in light of Plaintiff's dismissal of its federal claims in the proposed third amended complaint, which formed the basis of Defendant Ford Motor Company's removal of this action to federal court, the court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and *sua sponte* remand this action to the San Joaquin County Superior Court.

**BACKGROUND**

On June 15, 2020, Plaintiff filed a complaint against Defendants Ford Motor Company and Big Valley Ford Lincoln in the San Joaquin County Superior Court. (Doc. Nos. 1 at ¶ 2; 1-2.)

1  Plaintiff filed a first amended complaint to add Defendants Roush Industries, Inc., and Roush
2  Performance, Inc., on February 10, 2022. (Doc. Nos. 1 at ¶ 3; 1-3.) On March 1, 2024, Plaintiff
3  filed a second amended complaint pursuant to a stipulation by the parties. (Doc. No. 22-1 at ¶ 9.)
4  That same day, Plaintiff filed the operative second amended complaint against Defendants Ford
5  Motor Company and Kovington Performance Holdings, Inc. ("Kovington") doing business as
6  Roush Performance, Inc. (collectively, "Defendants"), bringing three claims for violations of the
7  California Song-Beverly Act and two claims for violations of the federal Magnuson-Moss
8  Warranty Act ("Magnuson-Moss"). (Doc. No. 1 at ¶ 4; 1-4.) On March 26, 2024, Defendant Ford
9  Motor Company removed this action to this court with the consent of Defendant Kovington on
10 the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc.
11 Nos. 1 at 2; 1-1 at ¶ 29.)

12       On May 6, 2024, Plaintiff filed a motion to voluntarily dismiss its Magnuson-Moss claims
13 without prejudice under Federal Rule of Civil Procedure 41(a)(2), which, the court denied as
14 procedurally improper. (Doc. Nos. 21, 29.)

15       On December 12, 2024, Plaintiff filed the pending motion for leave to file a third amended
16 complaint under Rule 15(a) to remove its federal claims and maintain only its state law claims.
17 (Doc. No. 30.) In support of the motion, Plaintiff filed a copy of the proposed third amended
18 complaint. (Doc. No. 30-1.) On December 26, 2024, Defendant Kovington filed a "limited"
19 opposition to the motion on the ground that Plaintiff's proposed third amended complaint is
20 unclear as to whether the breach of express warranty claim is brought against Defendant
21 Kovington or just Defendant Ford Motor Company as indicated by the heading of that cause of
22 action. (Doc. No. 31 at 5–6.) Defendant Ford Motor Company did not file an opposition to
23 Plaintiff's motion, and the time to do so has passed.[1] On January 3, 2025, Plaintiff filed a reply
24 and a revised proposed third amended complaint.[2] (Doc. No. 32-1.) Plaintiff contends Defendant

---

[1] Defendant Ford Motor Company's failure to file an opposition to Plaintiff's motion is construed as a non-opposition to the motion. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the court as a non-opposition to the motion.").

[2] Plaintiff asserts the revised proposed third amended complaint rectified "typographical errors" in the proposed third amended complaint. (Doc. No. 32 at 2.) To the extent any errors or confusion remains concerning Plaintiff's state law claims, such issues can be raised in the San

Kovington's motion is moot because Plaintiff has included "more specific language" to clarify its first cause of action.

## LEGAL STANDARD

Under Rule 15(a), leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally and "need not all be considered in each case." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Cap.*, 316 F.3d at 1052.

## DISCUSSION

The court finds amendment of Plaintiff's complaint is appropriate under Rule 15. First, the court finds the motion to amend is not futile and not made in bad faith. The Ninth Circuit has held that a plaintiff can make a tactical decision to abandon federal claims after removal. *See Baddie v. Berkeley Farms*, 64 F.3d 487, 489 (9th Cir. 1995) (recognizing that the plaintiffs chose to dismiss their federal claims in favor of the state forum and concluding that "[t]here was nothing manipulative about that straightforward decision"). Second, the court finds there has been no undue delay as Plaintiff moved to amend the second amended complaint by dismissing its federal claims soon after this action was removed to this court. (Doc. Nos. 1, 21.) Third, Defendant Kovington has not identified any prejudice they will experience if amendment is granted. Lastly, although Plaintiff has previously amended its complaint, the aforementioned factors weigh in favor of granting leave to amend. Accordingly, the court will grant Plaintiff's motion to amend

---

Joaquin County Superior Court following remand.

for leave to file a third amended complaint dismissing its federal claims.

In its opposition, Defendant Kovington asks the court to retain supplemental jurisdiction over Plaintiff's state law claims rather than remand this case. (*Id.* at 6–7.) Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a)-(c). In exercising this discretion, courts are instructed to consider the factors of "judicial economy, convenience, fairness, and comity." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Typically, these factors weigh strongly in favor of remand where all federal claims are dismissed before trial. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1210 (C.D. Cal. 2013) (collecting cases declining to exercise supplemental jurisdiction and remanding the remaining claims to state court). Here, the court finds that exercising its discretion to retain supplemental jurisdiction over Plaintiff's state law claims would not serve judicial economy, convenience, or comity. Thus, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will remand this action to the San Joaquin County Superior Court.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion for leave to file a third amended complaint (Doc. No. 30) is granted;
2. Plaintiff's revised proposed third amended complaint (Doc. No. 32-1) shall be deemed operative;
3. The court declines to exercise supplemental jurisdiction over the state law claims that remain in this case;
4. This action is remanded to the San Joaquin County Superior Court for all further proceedings; and

///

4

5.   The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:   **January 8, 2025**   _____
Dena Coggins
United States District Judge

5